IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV38
(1:03CR50-3)

| | |
|---|---|
| **BRIDGET MILLER WILSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On June 2, 2003, the Petitioner was charged in a one-count bill of indictment with conspiracy to possess with intent to distribute at least 500 grams of a mixture or substance involving a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841. **See Bill of Indictment, filed June 2, 2003.** Simultaneously with the indictment, the Government filed an Information pursuant to 21 U.S.C. § 841(b) alleging the conspiracy involved the possession with intent to distribute in excess of 500 grams of a mixture or substance involving a detectable amount of methamphetamine. **Information pursuant to 21 U.S.C. § 841(b), filed June 2, 2003.** On August 15, 2003, the Petitioner entered into a plea agreement with the Government wherein she agreed to plead guilty to the

charge contained in the bill of indictment in exchange for the Government's agreement to recommend to the Court that the Petitioner was responsible for 1.5 kilograms but less than 5 kilograms of methamphetamine. **Plea Agreement, filed August 15, 2003.** In the plea agreement, Petitioner was advised that she faced a minimum of 10 years and a maximum of life imprisonment and waived the right to contest her conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *Id.*, **at 1, 5.**

On August 20, 2003, the Petitioner attended a Rule 11 hearing and was advised, among other things, of the maximum sentence and her waivers by the Magistrate Judge. **Rule 11 Inquiry and Order of Acceptance of Plea, filed August 20, 2003.** As is the custom in this Court, not only did the Petitioner answer each question under oath during the hearing, but she and her attorney signed the Rule 11 Inquiry which was then filed of record. *Id.*, **at 4.** In that Inquiry, Petitioner stated that she had reviewed the indictment and plea agreement with her attorney; that she understood the maximum penalties that could be imposed for the offense and each essential element the Government would be required to prove beyond a reasonable doubt if she were to proceed to trial; that she was in

fact guilty of the crime charged in the indictment; that her plea was voluntary and not the result of coercion, threats or promises other than those contained in the plea agreement; that she was satisfied with the services of her attorney; that she had discussed the Sentencing Guidelines with her attorney and understood how they might be applied in her case; that she waived her right to appeal her conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any grounds other than ineffective assistance of counsel or prosecutorial misconduct; that she was fully aware and understood what she was doing and requested the Court accept her guilty plea.  **See generally, Rule 11 Inquiry, *supra*.**  Satisfied with the Petitioner's answers, the Magistrate Judge found the plea to have been knowingly and voluntarily made and accepted the Petitioner's plea.  *Id*.

On January 28, 2004, the undersigned granted the Government's § 5K1.1motion which lowered the Petitioner's sentencing Guideline range from 135-168 months to 97-121 months.  The undersigned sentenced the Petitioner to serve 97 months of imprisonment.  **See*,* Government's Motion for Downward Departure, filed January 16, 2004; Judgment in**

**a Criminal Case, filed February 23, 2004.** The Petitioner did not file an appeal; therefore, her conviction became final on March 5, 2004.

Before filing this action, the Petitioner filed a "Request for Split Sentence" on November 16, 2004; the Court denied the Petitioner's request by Order filed the same date.

After the Petitioner timely filed this motion on February 14, 2005, the Government filed a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b) due to the Petitioner's further substantial assistance in the prosecution of another criminal case. **Government's Rule 35 Motion, filed February 18, 2005.** The Court allowed the motion and the Petitioner's sentence was reduced to 87 months. *See*, **Judgment in a Criminal Case, filed February 23, 2005.**

### III. DISCUSSION

The Petitioner has raised numerous grounds in support of this motion, including the following: (1) she should not have been given the two-level enhancement for her alleged managerial role in the conspiracy; (2) this enhancement should have been found by a jury and was, therefore, unconstitutional; and (3) her attorney was ineffective because he did not

explain or review the presentence report with her or advise her that another plea bargain might be available.

 First, to the extent that the Petitioner raises grounds based on anything other than ineffective assistance of counsel or prosecutorial misconduct, she waived her right to raise such issues in a motion pursuant to § 2255 in her plea agreement. Based on the Petitioner's plea agreement, her signature on the Rule 11 Inquiry, the advice she received from the Court at the Rule 11 hearing, and her representations in open court during that hearing, the Court finds Petitioner made a knowing and voluntary waiver of the right to attack her conviction or sentence by a collateral proceeding such as a § 2255 motion except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. ***See, United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) ("[W]e hold that a criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing and voluntary. . . . [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy."**

(internal quotations and citations omitted)); *United States v. General*, 278 F.3d 389 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

In considering Petitioner's claims that she has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). Unless a defendant makes both showings, her claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different. *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for

**that incompetence, she would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra***.

The Petitioner contends that counsel was ineffective by failing to explain the presentence report to her, and that even though he filed objections to the report, counsel failed to argue the enhancement issue at sentencing. These contentions are without merit. "Unsupported, conclusory allegations do not entitle a [petitioner] to [relief]." ***United States v. Golden*, 37 Fed. Appx. 659 (4th Cir. 2002) (citing *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992)).**

As is customary in this Court, the undersigned inquired of the Petitioner during the sentencing hearing if she had reviewed the presentence report with her attorney and understood its contents. The Petitioner answered both questions in the affirmative. Her attorney was then asked if he had reviewed the presentence report with his client and if, in his opinion, she understood its contents. The attorney responded that he had in fact reviewed the report with the Petitioner and in his opinion, she understood the contents of the report. Counsel advised the Court that after reviewing the report with the Petitioner, he filed a number of

objections to the report including an objection to the two-level enhancement. He further advised the Court that thereafter, he and his client had decided it was in Petitioner's best interest to withdraw those objections. This explains Petitioner's allegation that her attorney "wrote a motion to the [probation officer], but did not raise the issue at my sentencing." **Petition, at 6.** The reason the objections were withdrawn became abundantly clear when the Government's motion for downward departure was considered and granted by the Court. Contrary to the Petitioner's allegations, the Court finds counsel's actions show effective assistance to the Petitioner.

Petitioner also contends that her attorney was ineffective by persuading her to sign the first plea agreement offered and by failing to advise her that a different plea bargain could have been negotiated. However, the Petitioner offers no suggestions as to what a different plea offer might have been nor does she contend that she objected to the initial offer and/or requested her attorney to pursue further plea discussions. The Petitioner was specifically asked, under oath, during the Rule 11 inquiry if she understood and agreed with the terms of the plea agreement; she answered these questions in the affirmative. This being the case, she

cannot now contest her sentence on the grounds that a better bargain may have some how been reached. Allegations that are "vague, conclusory, or palpably incredible" are insufficient to warrant § 2255 relief. ***Machibroda v. United States*, 368 U.S. 487, 495 (1962); *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *Koskela v. United States*, 235 F.3d 1148 (8th Cir. 2001); *e.g., Bruce v. United States*, 256 F.3d 592, 598 (7th Cir. 2001).** Likewise, the Court finds this contention to be without merit.

Because Petitioner failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Finally, the Petitioner claims that the two-point enhancement she received for her leadership role in the conspiracy was unconstitutional because the question was not decided by a jury. Although not specifically stated, the Court assumes the Petitioner is making an argument pursuant to the Supreme Court's rulings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington State*, 542 U.S. 296 (2004). The Supreme Court held in *Apprendi* that other than a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory*

*maximum* must be submitted to the jury and proven beyond a reasonable doubt. Besides the fact that the Petitioner entered into a guilty plea, she is mistaken that *Apprendi* would apply to her case in any event because her sentence is not beyond the prescribed statutory maximum sentence. **See, e.g., *United States v. Bradford*, 7 Fed. Appx. 222, 223 n.\* (4th Cir. 2001) (citing *United States v. White*, 238 F.3d 537, 542 (4th Cir. 2001)).**

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. ***United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir.), *cert. denied*, 126 S. Ct. 442 (2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117 Fed. Appx. 269 (4th Cir. 2004).**

She also alludes to the fact that she is entitled to relief based on the Supreme Court's decision in *United States v. Booker and Fanfan*, 543 U.S. 220 (2005).[1] This claim is rejected as well. In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. **United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Although Booker is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); United States v. Fowler, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither Booker nor Blakely announced a new rule of**

---

[1] Petitioner states that in December 2004, she was transferred from the Federal Prison Camp at Alderson, West Virginia, to Asheville, North Carolina, to testify at a trial involving a co-defendant. She states that while there, she was housed in local jail facilities and did not have access to legal materials. **Petition, at 13.** She does not state how these circumstances relate to any of her other claims contained herein nor does the Court find any such relationship. She also stated that she was "waiting" on the *Fanfan* decision from the Supreme Court. *Id*. After her cooperation ended and she was returned to Alderson, the Petitioner had ample opportunity to amend or correct her motion, but has failed to do so.

constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Green*, *supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**. A Judgment is filed herewith. The Clerk is directed to serve this Memorandum on the United States Attorney and Petitioner.

Signed: March 14, 2006

Lacy H. Thornburg
United States District Judge